UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUBENSTEIN'S CONTRACT CARPET, LLC, a Washington Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CONTINENTAL INSURANCE COMPANY, a foreign insurer; and CONTINENTAL CASUALTY COMPANY, a foreign insurer<br><br>　　　　　Defendants. | No. 2:16-cv-01075<br><br>DEFENDANTS THE CONTINENTAL INSURANCE COMPANY AND CONTINENTAL CASUALTY COMPANY'S JOINT NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, and without waiving any defenses, Defendants The Continental Insurance Company (misnamed in original complaint) and Continental Casualty Company (hereinafter collectively "Continental" or "defendants") respectfully remove the civil action served on defendants by plaintiff Rubenstein's Contract Carpet, LLC (hereinafter "Rubenstein" or "plaintiff") from the Superior Court of Washington, County of King, to the Seattle Division of the United States District Court for the Western District of Washington.

**I.     Removal is proper under 28 U.S.C. §§ 1441 and 1332.**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Each of these conditions is satisfied here.

**A.     This Court has original jurisdiction over this action.**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between defendants The Continental Insurance Company and Continental Casualty Company, on the one side, and plaintiff Rubenstein's Contract Carpet, LLC, on the other, and defendants have a good faith basis to believe the amount in controversy in plaintiff's suit against them exceeds $75,000.

The parties in this dispute are from different jurisdictions.  Rubenstein is alleged in the complaint to be a "limited liability company organized under Washington law." **Attachment 1 (Complaint) at ¶ 1.**  Upon further information and belief, all members of Rubenstein Contract Carpet, LLC are also citizens of Washington and none are citizens of another state, including Pennsylvania or Illinois.

Neither defendant is a citizen or resident of Washington.  The Continental Insurance Company is organized in the State of Pennsylvania and Continental Casualty Company is organized in the State of Illinois, with both having their principal place of business in Illinois.  Thus there is complete diversity between plaintiff and defendants.

The amount in controversy exceeds $75,000.  In its first cause of action, breach of contract, alleged only against Continental Insurance Company, plaintiff alleges it has been "damaged in an amount not less than $20,000." **Attachment 1 at ¶88.**  But in its second cause of action, breach of the Washington Consumer Protection Act, asserted against both defendants, plaintiff alleges each defendant violated four separate provisions of WAC 284-30-330, and seeks "treble damages for each violation" against each defendant. **Attachment 1 at ¶93.** With treble

DEFENDANTS THE CONTINENTAL INSURANCE COMPANY
AND CONTINENTAL CASUALTY COMPANY'S JOINT
NOTICE OF REMOVAL - 2

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone:  (206) 223-4226

damages per defendant at $25,000 apiece per alleged violation, plaintiff has alleged $200,000 in CPA damages ($25,000 in treble damages x four separate provisions of WAC 284-30-300 that were violated x two defendants). [1]

Defendants believe the amount in controversy has been satisfied per plaintiffs' first two causes of action as explained above. In addition however, plaintiff also seeks a mandatory award of attorney's fees under the CPA statute and under the case made doctrine of *Olympic Steamship* to the extent it prevails on its breach of contract claim. Like treble damages, attorney's fees may be included in the "amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000); *Hazzard v. Union Bankers Ins. Co.*, No. C13-1162RSL (W.D. Wash. February 25, 2014) (court included treble damages under CPA and attorney's fees to calculate amount in controversy).

Plaintiff has also reserved its right to bring an IFCA (Insurance Fair Conduct Act) claim. Even without the IFCA claim, though, the contract damages of $20,000 plus CPA damages of $200,000 more than satisfies the $75,000 amount in controversy requirement.

While Continental does not believe it is necessary to consider attorney's fees to satisfy the jurisdictional threshold, to the extent the Court does not agree with Continental's calculations regarding the CPA cause of action, above, then the attorney's fees plaintiff pleads would still put the matter over $75,000. In other words, even if the amount in controversy without attorney's fees was $20,000 for breach of contract and $25,000 for treble damages under the CPA, it is likely attorney's fees will add an additional $30,000 to reach the amount in controversy of

---

[1] Continental acknowledges that the CPA does not allow an award of exemplary (treble) damages for each violation, where the plaintiff suffered only one injury as a result of all the CPA violations. *Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wn. App. 834, 942 P.2d 1072 (1997). However, Plaintiff has specifically alleged it is "entitled to treble damages for each violation." Continental assumes that Plaintiff is alleging separate injury from each CPA violation and not a single injury from all the violations, and therefore treble damages for each violation should be considered for purposes of the amount in controversy per Plaintiff's express allegation.

DEFENDANTS THE CONTINENTAL INSURANCE COMPANY
AND CONTINENTAL CASUALTY COMPANY'S JOINT
NOTICE OF REMOVAL - 3

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206) 223-4226

$75,000. Given the number of claims asserted, the detailed factual allegations in the complaint, the pure length (24 pages) of plaintiff's complaint and accompanying eight page first requests for production to each defendant, if these claims are prosecuted through trial attorney's fees generated in this action will exceed $30,000. *See Francis v. Allstate Ins. Co.*, 869 F.Supp.2d 663 (D. Md. 2012) (a court need not hold a hearing or review invoices to determine the actual amount plaintiff has spent on attorney's fees…for purposes of calculating a jurisdictional amount, the critical issue is the "potential pecuniary effect that a judgment would have").

The Fourth Circuit upheld the trial court's ruling *Francis* and agreed that "experience and common sense suggest that the Plaintiffs' attorneys' fees will exceed [the difference between the jurisdictional threshold and contract damages at issue]." It affirmed the district court's reasoning that "the action involved federal jurisdiction, contract interpretation and choice of law issues complex enough to sufficiently establish that it is more likely than not the attorney's fees likely to be incurred when coupled with the damages from the claims asserted exceed the jurisdictional threshold." Plaintiff's complaint in this matter suggests to the extent attorney's fees are factored in, the jurisdictional threshold is easily met, as it states in its prayer for relief that the amount of damages claimed is "no greater than $75,000[2] *exclusive* of interest and *attorney's fees*."

**Attachment 1 at p. 24**

While also not necessary to meet the jurisdictional requirement, once Plaintiff asserts its IFCA claim following the passage of 20 days, there would be more than sufficient allegations to satisfy the amount in controversy, without the need to consider attorney's fees or multiple treble damage CPA claims. IFCA authorizes the award of treble damages, without a cap, thus the contract claim of at least $20,000 would potentially be trebled to $60,000. CPA damages of

---

[2] Defendants note the jurisdictional threshold is inclusive of $75,000, so even as pled by plaintiff, the possibility would still exist that the damages are exactly $75,000 and therefore meet the jurisdictional threshold. Plaintiff's prayer for relief does not foreclose this possibility.

DEFENDANTS THE CONTINENTAL INSURANCE COMPANY
AND CONTINENTAL CASUALTY COMPANY'S JOINT
NOTICE OF REMOVAL - 4

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206) 223-4226

1  $25,000 could potentially be added to that award to reach a judgment of $85,000 or more, well

2  over the jurisdictional threshold. *See Hazzard v. Union Bankers Ins. Co.*, No. C13-1162RSL

3  (W.D. Wash. February 25, 2014) (to determine the amount in controversy court added three

4  times the contract amount under IFCA to $25,000 treble damages under the CPA).

5        Defendants deny that they caused plaintiff's alleged damages, but under any of several

6  alternative theories stated above plaintiff's allegations meet or exceed the amount in controversy

7  threshold of $75,000.

8        **B.**    **The Western District embraces the place where the action is pending.**

9        This notice of removal is properly directed to this Court pursuant to 28 U.S.C. § 1441(a)

10  because this Court is "the district court of the United States for the district and division" within

11  which the state court action is pending. Pursuant to 28 U.S.C. § 128(b), King County,

12  Washington, falls within the Western District of Washington, Seattle Division.

13  **II.**    **Removal is procedurally proper under 28 U.S.C. § 1446.**

14        28 Section 1446(a) provides:

15  > A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

19        Pursuant to this requirement, Defendants filed herewith as **Attachment 1** a copy of

20  plaintiff's complaint.

21        Defendants' notice of removal also satisfies the relevant portions of §1446(b). First, it is

22  timely. Pursuant to § 1446(b)(1), a notice of removal in a civil action "shall be filed within 30

23  days after the receipt by the defendant, through service or otherwise, of a copy of the initial

24  pleading setting forth the claim for relief upon which such action or proceeding is based." Here,

25  plaintiff served defendants through the Washington Office of the Insurance Commissioner on

26  June 13, 2016. Defendants' counsel received a courtesy copy of the complaint on June 10, 2016

DEFENDANTS THE CONTINENTAL INSURANCE COMPANY
AND CONTINENTAL CASUALTY COMPANY'S JOINT
NOTICE OF REMOVAL - 5

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206) 223-4226

via email, but the 30 days at the earliest runs from the date of formal service of the summons, not the date of an earlier provided courtesy copy. *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.,* 526 U.S. 344 (1999).  Defendants were served no earlier than June 13, 2016 and did not actually receive the complaint through service before June 20, 2016.  Defendants have timely filed this notice within 30 days of receipt of the complaint through service.

Second, the notice satisfies § 1446(b)(2).  All served defendants hereby consent to removal and file this notice of removal jointly as evidence of such consent.  Both Continental entities are represented by the same counsel and are companies related to one another.

Finally, pursuant to § 1446(d), defendants will file written notice of this removal with the clerk of the Superior Court of Washington for King County and, pursuant to § 1446(d) and LCR 101(b), serve copies of the written notice of removal to plaintiff.  The complaint has not yet been filed in King County Superior Court but a demand that the complaint be filed within 14 days has been served on plaintiff on July 1, 2016.  Pursuant to the guidance issued by this court in *Pacuska v. Allied Van Lines*, 2006 WL 521596 (W.D. Wash. 2006) a case must be removed within 30 days of service, notwithstanding that it has not yet been filed in State Court.  Removal here is timely and proper. Upon filing of the complaint in the State Court within the 14 day demand, Defendants will file the necessary notice with the State Court and file the proper Declaration of counsel with this Court with all State Court pleadings pursuant to LCR 101(b).

### III.    Intradistrict Assignment

Pursuant to LCR 101 and 3(d), defendants remove this action to the Seattle Division of the Western District of Washington because the Superior Court action will be filed in King County, Washington.

### IV.    Conclusion

Defendants respectfully remove to this Court the civil action served by plaintiff entitled *Rubenstein's v. Continental, et. al*, from the Superior Court of Washington for King County.

DEFENDANTS THE CONTINENTAL INSURANCE COMPANY
AND CONTINENTAL CASUALTY COMPANY'S JOINT
NOTICE OF REMOVAL - 6

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone:  (206) 223-4226

DATED this 13th day of July, 2016.

                                    GORDON & POLSCER, L.L.C.

                                    By: */s/ Stephanie Andersen*
                                    By: /s/ *Ryan Hesselgesser*
                                        Stephanie Andersen, WSBA No. 22250
                                        Ryan Hesselgesser, WSBA No. 40720
                                        1000 Second Avenue, Suite 1400
                                        Seattle, WA 98104
                                        Telephone: (206) 223-4226
                                        Facsimile: (206) 223-5459
                                        Email: sandersen@gordon-polscer.com
                                        Email: rhesselgesser@gordon-polscer.com

                                    Attorneys for Defendants The Continental
                                    Insurance Company and Continental Casualty
                                    Company

AND CONTINENTAL CASUALTY COMPANY'S JOINT
NOTICE OF REMOVAL - 7

**GORDON & POLSCER, L.L.C.**
1000 Second Avenue, Suite 1400
Seattle, WA 98104
Telephone: (206) 223-4226

# CERTIFICATE OF SERVICE

I, Diana Brechtel declare as follows:

1) I am a resident of the United States and a resident of the State of Washington. I am over the age of 18 years and not a party to the within entitled cause. I am employed by the law firm of Gordon & Polscer, L.L.C., whose address is 1000 Second Avenue, Suite 1400, Seattle, Washington 98104.

2) By the end of the business day on July 13, 2016, I caused to be served upon counsel of record at the addresses and in the manner described below, the following documents:

- **DEFENDANTS THE CONTINENTAL INSURANCE COMPANY AND CONTINENTAL CASUALTY COMPANY'S JOINT NOTICE OF REMOVAL**

- **Certificate of Service.**

**Attorneys for Plaintiff**

| | |
|---|---|
| Stephanie L. Grassia<br>Helsell Fetterman LLP<br>1001 Fourth Ave., Ste. 4200<br>Seattle, WA 98154-1154<br>sgrassia@helsell.com | ☐ U.S. Mail<br>☒ Hand Delivery<br>☐ Telefax<br>☒ E-mail |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 13th day of July, 2016.

*s/Diana Brechtel*
Diana Brechtel, Paralegal

DEFENDANTS THE CONTINENTAL INSURANCE
COMPANY AND CONTINENTAL CASUALTY
COMPANY'S JOINT NOTICE OF REMOVAL - 8

GORDON & POLSCER, L.L.C.
1000 Second Avenue, Suite 1400
Seattle, WA 98104
(206) 223-4226