REC'D JUN 2 0 2016

## SUPERIOR COURT OF WASHINGTON
## FOR KING COUNTY

RUBENSTEIN'S CONTRACT CARPET, )
LLC )
                           Plaintiff, )    NO.
                                )
vs. )    **INSURANCE COMMISSIONER'S**
                                )    **CERTIFICATE OF SERVICE**
CONTINENTAL INSURANCE COMPANY, )
a corporation; and CONTINENTAL )
CASUALTY COMPANY, a )
corporation, )
                                )
                    Defendant. )

**THIS IS TO CERTIFY** that the Insurance Commissioner of the State of Washington has accepted service of

*Summons to Continental Insurance Company; Complaint for Declaratory Relief and Monetary Damages; Plaintiff's First Requests for Production to Continental Insurance Company*

in the above-mentioned matter on JUNE 13, 2016, on behalf of and as statutory attorney for

*CONTINENTAL INSURANCE COMPANY THE*

an authorized foreign or alien insurer, and has forwarded a duplicate copy thereof to said insurance company pursuant to RCW 48.02.200 and 48.05.200.

ISSUED AT OLYMPIA, WASHINGTON: JUNE 14, 2016

Tracker ID: 14498

Certification No: 70151730000060080679

**MIKE KREIDLER**
Insurance Commissioner

By

Nicole Rayl
Service of Process Coordinator

Original to:

STEPHANIE L. GRASSIA
HELSELL FETTERMAN LLP
1001 FOURTH AVENUE, SUITE 4200
SEATTLE, WA 98154

Copy to:

CONTINENTAL INSURANCE
COMPANY THE
C/O JONATHAN D KANTOR
333 S WABASH AVE
CHICAGO, IL 60604

Tracker ID: 14498

**Hesselgesser Decl., Ex. A**
**Page 2 of 33**

1
2
3
4
5
6

## SUPERIOR COURT OF WASHINGTON
## FOR KING COUNTY

7

8  RUBENSTEIN'S CONTRACT CARPET, LLC

9            Plaintiff,

10       v.

11  CONTINENTAL INSURANCE COMPANY, a corporation; and CONTINENTAL

12  CASUALTY COMPANY, a corporation,

13

14            Defendants.

NO.

SUMMONS



15  TO:   CONTINENTAL INSURANCE COMPANY, a foreign insurance company, Defendant.

16       A lawsuit has been started against you in the above-entitled court by RUBENSTEIN'S

17  CONTRACT CARPET, LLC, Plaintiff.  Plaintiff's claims are stated in the written complaint, a

18  copy of which is served upon you with this summons.

19       In order to defend against this lawsuit, you must respond to the complaint by stating your

20  defense in writing, and by serving a copy upon the person signing this summons, within 40 days

21  after the service of this summons, excluding the day of service, or a default judgment may be

22  entered against you without notice.  A default judgment is one where the plaintiff is entitled to

23  what they ask for because you have not responded.  If you serve a notice of appearance on the

24  undersigned person, you are entitled to notice before a default judgment may be entered.

25

SUMMONS TO CONTINENTAL INSURANCE COMPANY - 1

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

1   You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand

2   must be in writing and must be served upon the person signing this summons. Within 14 days after

3   you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of

4   this summons and complaint will be void.

5       If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6   

7   that your written response, if any, may be served on time.

8       This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the state of

9   Washington.

10          DATED: June 10, 2016.

11

12                                   HELSELL FETTERMAN LLP

13                                   By s/ Stephanie L. Grassia
                                          Stephanie L. Grassia, WSBA No. 34907
14                                        *Attorney For Plaintiff*
                                          1001 Fourth Ave., Ste. 4200
15                                        Seattle, WA 98154-1154
                                          T: (206) 292-1144 / F: (206) 340-0902
16                                        E: sgrassia@helsell.com

17

18

19

20

21

22

23

24

25

SUMMONS TO CONTINENTAL INSURANCE COMPANY - 2

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

**Hesselgesser Decl., Ex. A**
**Page 4 of 33**

7/25

REC'D JUN 2 0 2016

## SUPERIOR COURT OF WASHINGTON
## FOR KING COUNTY

| | | |
|---|---|---|
| RUBENSTEIN'S CONTRACT CARPET, LLC | ) | |
| | ) | |
| Plaintiff, | ) | NO. |
| | ) | |
| vs. | ) | **INSURANCE COMMISSIONER'S** |
| | ) | **CERTIFICATE OF SERVICE** |
| CONTINENTAL INSURANCE COMPANY, | ) | |
| a corporation; and CONTINENTAL | ) | |
| CASUALTY COMPANY, a | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS IS TO CERTIFY** that the Insurance Commissioner of the State of Washington has accepted service of

*Summons to Continental Casualty Company; Complaint for Declaratory Relief and Monetary Damages; Plaintiff's First Requests for Production to Continental Casualty Company*

in the above-mentioned matter on JUNE 13, 2016, on behalf of and as statutory attorney for

### CONTINENTAL CASUALTY COMPANY

an authorized foreign or alien insurer, and has forwarded a duplicate copy thereof to said insurance company pursuant to RCW 48.02.200 and 48.05.200.

**ISSUED AT OLYMPIA, WASHINGTON:** JUNE 14, 2016

E2B6S24D

Tracker ID: 14499

Certification No: 70151730000060080686

MIKE KREIDLER
Insurance Commissioner

By

Nicole Rayl
Service of Process Coordinator

**Original to:**

STEPHANIE L. GRASSIA
HELSELL FETTERMAN LLP
1001 FOURTH AVENUE, SUITE 4200
SEATTLE, WA 98154

**Copy to:**

CONTINENTAL CASUALTY COMPANY
C/O JONATHAN D KANTOR
333 S WABASH
CHICAGO, IL 60604

Tracker ID: 14499



SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| RUBENSTEIN'S CONTRACT CARPET, LLC | NO. |
| Plaintiff, | |
| v. | SUMMONS |
| CONTINENTAL INSURANCE COMPANY, a corporation; and CONTINENTAL CASUALTY COMPANY, a corporation, | |
| Defendants. | |

TO:   CONTINENTAL CASUALTY COMPANY, a foreign insurance company, Defendant.

A lawsuit has been started against you in the above-entitled court by RUBENSTEIN'S CONTRACT CARPET, LLC, Plaintiff.  Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons, within 40 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where the plaintiff is entitled to what they ask for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS TO CONTINENTAL CASUALTY COMPANY - 1

H E L S E L L
F E T T E R M A N

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

1    You may demand that the plaintiff file this lawsuit with the court.  If you do so, the demand

2   must be in writing and must be served upon the person signing this summons.  Within 14 days after

3   you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of

4   this summons and complaint will be void.

5
6    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

7   that your written response, if any, may be served on time.

8    This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the state of

9   Washington.

10    DATED:  June 10, 2016.

11
12    HELSELL FETTERMAN LLP

13    By s/ Stephanie L. Grassia
        Stephanie L. Grassia, WSBA No. 34907
14      *Attorney For Plaintiff*
        1001 Fourth Ave., Ste. 4200
15      Seattle, WA 98154-1154
        T: (206) 292-1144 / F: (206) 340-0902
16      E: sgrassia@helsell.com

17
18
19
20
21
22
23
24
25

SUMMONS TO CONTINENTAL CASUALTY COMPANY - 2

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

**Hesselgesser Decl., Ex. A
Page 8 of 33**



SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

| RUBENSTEIN'S CONTRACT CARPET, LLC | NO. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF AND MONETARY DAMAGES** |
| v. | |
| CONTINENTAL INSURANCE COMPANY, a corporation; and CONTINENTAL CASUALTY COMPANY, a corporation, | |
| Defendants. | |

### I.    INTRODUCTION

It is a cornerstone of Washington insurance law that an insurer may never place its own interests above those of its insureds. The conduct described in this complaint at all pertinent times violated this cornerstone rule.

### II.    PARTIES & VENUE

1.    Plaintiff Rubenstein's Contract Carpet, LLC ("Rubenstein's) is a limited liability company organized under Washington law. Plaintiff is duly licensed to do business in Washington, state, and more specifically, King County, and has satisfied all requisites of this suit.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 1

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

**Hesselgesser Decl., Ex. A
Page 9 of 33**

2.     Defendant Continental Insurance Company and defendant Continental Casualty Company (collectively "CNA") are corporations organized outside the state of Washington, and are licensed to do business in King County. At all relevant times hereto, CNA did business in King County and is subject to suit here. The companies are affiliates of CNA, and have no employees. They are operated by an affiliated CNA entity currently unknown to plaintiff.

3.     The amount in controversy in this suit exceeds the jurisdictional minimum of mandatory arbitration, but does not, exclusive of interest or attorneys' fees, exceed $75,000.

III.   FACTUAL ALLEGATIONS

A. The Insurance Policies.

4.     Defendants delivered two policies here at issue to plaintiff: policy number 5083126503 and policy number 5083126498. These policies were delivered in the state of Washington, and are subject to the Washington Insurance Code pursuant to RCW 48.01.020 and 48.01.060.

5.     Policy number 5083126503 impliedly promised that the defense provided pursuant to its terms would be performed (1) in full compliance with Washington's Rules of Professional Conduct; and (2) in compliance with the standard of care in Washington State for lawyers providing such representation. A defense which did not/does not meet those two standards constitutes an unreasonable breach of the promise of that benefit.

6.     Policy number 5083126503 contained a standard "separation of insureds" provision containing language to the following effect:

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 2

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or 'suit' is brought.

### B. The CNA Law Firm.

7.     At all times relevant hereto, defendants and/or their affiliates/agents owned and/or operated a law firm in King County. The law firm did business under the name "Law Office of Mark C. Dean, a staff counsel office of CNA Insurance Companies." The law office is referred to herein as "the CNA Law Firm", and Mr. Dean is referenced herein as "Dean." At all times herein Dean acted within the scope and course of his employment with CNA, the latter of whom is vicariously liable for his acts and omissions.

8.     At all times relevant hereto, CNA operated its law firm using monies derived from premiums paid by policyholders including plaintiff.

9.     CNA operated its law firm in pursuit of its own interests, not those of its policyholders, and at all times could have satisfied its defense and good faith obligations to policyholders through retention of lawyers who were not employees of CNA and who were not under CNA direction and control. CNA did in fact ultimately retain such an independent lawyer--Roy Umlauf—but only after plaintiff had suffered the harm and damages described herein.

10.     Prior to the issuance of policies delivered in Washington, CNA deliberately did not disclose to its policyholders that it owned and operated its own law firm, or that it intended to satisfy any part of its policy obligations through lawyer employees.

11.     On information and belief, plaintiff alleges CNA determined it would be at a competitive disadvantage if it disclosed in its policy that it intended to fulfill some or all of its defense benefit commitments through employee counsel, or through an office owned and

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 3

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

operated by CNA. It is the policy and practice of CNA *not* to disclose to the marketplace in which it markets its Washington liability policies that it (1) owns or operates a law firm and/or (2) secretly intends to satisfy some or all of its defense obligations through that law firm and/or through employee attorneys and staff.

12.   At all times relevant hereto, CNA deliberately allowed its employee lawyers to counsel CNA on issues related to good faith/bad faith toward the very policyholders CNA had assigned its employee-lawyers to represent.

13.   At all times relevant hereto, CNA deliberately concealed from the marketplace in Washington State that it allowed its employee lawyers to simultaneously counsel CNA on good faith/bad faith issues towards its policyholders while representing those very same policyholders.

14.   At all times pertinent hereto, CNA deliberately failed to maintain any assignment-by-assignment oversight of its employee lawyers to assure each employee lawyer was discharging his/her assignment in full compliance with applicable Washington Rules of Professional Conduct.

15.   At all times pertinent hereto, CNA deliberately allowed its employee attorneys to have secret communications with assigned Claims Directors or Claims Supervisors which were deliberately *not* sent on to the client or policyholder by either the employee lawyer or the assigned claim representative.

16.   At all times pertinent hereto, CNA deliberately concealed from the marketplace that defense benefits it sold in Washington to policyholders would sometimes be afforded through employee attorneys who would deliberately *not* send communications to/from claim representatives concerning their representation to their assigned clients.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 4

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

**Hesselgesser Decl., Ex. A
Page 12 of 33**

17.   At all times pertinent hereto, the procedures and communication tactics employed by CNA claim representatives and CNA employee lawyers violated (1) RPC 1.4; (2) the standard of care for attorneys and law firms in Washington State; (3) RCW 19.86; (4) the common law duty of good faith dealing; and (5) when done in a manner so as to permeate the entire defense promised as a policy benefit, RCW 48.30.015(1).

18.   At all times pertinent hereto, CNA deliberately failed to maintain procedures whereby its employees were required (at the outset of representation) to solicit or obtain informed consent from the client to limits on the scope of representation. Alternatively, CNA failed to maintain reasonable safeguards that its employee lawyers were in fact soliciting and obtaining informed consent from their assigned clients to limits on scope of representation prior to the commencement of that representation.

19.   At all times material hereto, there were non-CNA employee attorneys available to CNA in the greater Puget Sound area who met or exceeded all applicable standards of reasonable care and who furnished representation compliant with the Rules of Professional Conduct, and who at all times during their representation of their assigned clients refrained from sending secret emails to adjusters and from counseling the assigning insurer on issues of good faith/bad faith toward their assigned clients. On an assignment-by-assignment basis, representation by those attorneys was more expensive than representation by CNA employee-attorneys. CNA nevertheless consistently placed its own financial interests and interests of private communication over those of its policyholders in receiving a defense free from the influences CNA was secretly exerting over its employee-attorneys.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 5

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

**Hesselgesser Decl., Ex. A**
**Page 13 of 33**

20.     CNA could have maintained a procedure whereby it did not assign employee attorneys to defend claims which presented inherent conflicts of interest (such as reservation of rights cases, including cases where CNA issued a written reservation of its right not to pay that portion of any judgment or settlement above policy limits) but deliberately (1) failed to do so, and (2) failed to inform the marketplace in Washington of its intent (as of policy issuance) to satisfy the defense benefit promised in its policy through employee lawyers even in representations that involved "inherent conflicts".

21.     At all times relevant hereto, CNA deliberately maintained no procedure whereby a supervisor of its employee lawyers would make an independent determination whether representation in a given case involved a "significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibility to *another client*, a former client *or a third person* or by *a personal interest of the lawyer.*" Accordingly CNA employee lawyers were at all times free to avoid the obligations of RPC 1.7 either by (1) not conducting an independent analysis of the application of the rule to a particular assignment, or (2) favoring the interests of his/her employer over the assigned client by concluding the predicate ("significant risk...") did not exist, so that the prospective client could not request appointment of a non-CNA employee attorney.

22.     At all times pertinent hereto, the circumstances described in paragraphs 5-21 above were unknown to the Puget Sound marketplace to which CNA marketed and sold its liability policies.

23.     At all times pertinent hereto, the practices described in paragraphs 5-21 above was and is unfair and deceptive.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 6

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

24.    At all times pertinent hereto, the practices described in paragraphs 5-21 above was and is done by CNA within the sphere of trade or commerce.

25.    At all times pertinent hereto, the practices described in paragraphs 5-21 herein affect the public interest.

26.    At all times pertinent hereto, the conduct described in paragraphs 5-21 above had the capacity and/or tendency to deceive.

27.    The defense benefit promised by CNA in its policies of insurance marketed in the Puget Sound community contractually required a defense performed in full accordance with Washington's Rules of Professional Conduct, such that a defense which did *not* conform to Washington's Rules of Professional Conduct constitutes an unreasonable breach of the contractual duty to provide that policy benefit.

### C. The *Estate of Kung* Claim

27.    On August 29, 2014, a truck driven by plaintiff's employee Roberto Garza ("Garza") struck and killed bicyclist Sher Kung at the corner of Second and University in downtown Seattle.

28.    Plaintiff timely reported the accident to CNA.

29.    CNA immediately set up a "claim" and a "claim file", the latter within the meaning of WAC 284-30-340, and conducted an "investigation" as that term is defined in WAC 284-30-320(9). Among other professionals, Lynn Leonard, Mark Dean, and Stephanie Andersen performed tasks as part of CNA's "investigation." All activities performed by Leonard, Dean and Andersen were activities embraced within the term "investigation" as defined in WAC 284-30-320(9).

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 7

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

30. CNA determined that both plaintiff and Garza qualified as insureds under the policy.

31. CNA knew, at the time it appointed defense counsel, that the Separation of Insureds provision applied to Rubenstein and Garza.

32. It was the interest of CNA to use a single attorney to represent Garza and plaintiff simultaneously.

33. It was the interest of CNA to assign an employee lawyer to represent both simultaneously.

34. It was the interest of CNA *not* to request the consent of either Garza or plaintiff to simultaneous representation notwithstanding the Separation of Insureds provision of the primary policy.

35. CNA did not request the consent of either plaintiff or Garza to joint representation.

36. On information and belief, plaintiff alleges CNA did not, in its claim file, document that it had requested the consent of either plaintiff or Garza to joint representation.

37. Dean did not request the consent of either plaintiff or Garza to joint representation.

38. On information and belief plaintiff alleges CNA did not document in its claim file that Dean had requested or obtained consent (informed or otherwise) to joint representation.

39. Prior to commencing his representation, Dean did not limit the scope of his representation of plaintiff.

40. Prior to commencing his representation Dean did not seek plaintiff's consent (informed or otherwise) to any limit of any kind upon his representation of plaintiff herein.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 8

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

41.   Prior to commencing his joint representation, Dean did not disclose to plaintiff herein that Dean would be unable to represent plaintiff's interests to the extent they were adverse to those of Garza.

42.   Prior to commencing his joint representation, Dean did not inform plaintiff herein that Dean's joint representation of plaintiff and Garza would limit or potentially limit his ability to represent plaintiff on matters for which plaintiff was adverse or potentially adverse to Garza.

43.   Prior to the commencement of Dean's representation plaintiff alleges on information and belief CNA did not document in its claim file that Dean had informed plaintiff of the potential that his representation of Garza might limit his representation of plaintiff.

44.   At the beginning of Dean's representation of plaintiff, plaintiff's principal Randy Rubenstein ("Rubenstein") told Dean that Rubenstein was "not comfortable with [Dean's] conflicts."

45.   Dean did not deny that conflicts existed.

46.   Dean did not seek plaintiff's informed consent to proceed with his representation notwithstanding Rubenstein's statement about Dean's conflicts.

47.   It was reasonably foreseeable to Dean and CNA that Dean's continued representation of plaintiff after Rubenstein had stated his concerns about Dean's conflicts, would cause plaintiff to incur fees from a lawyer who had no such conflicts.

48.   As a proximate result of CNA's failure to appoint plaintiff counsel free of the conflicts Dean had, plaintiff was damaged in the amount of legal expenses it incurred for conflict-free representation.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 9

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

49.  From the point of Dean's first representation of plaintiff following Rubenstein's statement to Dean of his concern for Dean's conflicts, CNA was in unreasonable breach of its defense obligation under its primary policy.

50.  Dean did not seek or obtain informed consent from either plaintiff or Garza as described in RPC 1.7(b)(4), nor did CNA's claim file document that he had obtained such consent.

51.  At no time during his representation of plaintiff from start to finish did Dean seek or have plaintiff's consent as described in RPC 1.7(b).

52.  On information and belief, plaintiff alleges that at no time during CNA's maintenance of the claim file it was required by WAC 284-30-340 to keep did that file document that Dean had obtained the written consent from plaintiff described in RPC 1.7.

53.  At no time during his representation did Dean seek plaintiff's permission to conduct private communications with Claims Director Lynn Leonard concerning his representation of plaintiff.

54.  CNA's claims file does not document any request of Dean to plaintiff for permission to conduct private communications with Lynn Leonard concerning his representation of plaintiff.

55.  Over the course of Dean's representation of plaintiff, Dean had more than 15 private communications with Claims Director Lynn Leonard in which he discussed strategy and the means and methods he intended to use for accomplishment of the objectives of his representation. Neither Dean nor Leonard provided copies to plaintiff or Garza, and neither Dean nor Leonard requested or obtained plaintiff's permission to have such private communications concerning the subject of the defense CNA was providing through Dean. The failure of both

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 10

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

Dean and Leonard to send their private communications to Rubenstein's was deliberate. The failure to discuss with plaintiff the means and methods he had secretly discussed with Ms. Leonard violated RPC 1.2.

56. In one of the private emails Dean knowingly concealed from Rubenstein/plaintiff, Dean made clear that he was counseling CNA on how to avoid a bad faith claim against CNA by **his own client Rubenstein's.** In referring to Rubenstein's, he refers to it as "the insured", not as "my client":

> Hi Lynn. This is a recent hot topic. Plaintiff's attorneys use a recent Supreme Court bad faith case to argue that it is bad faith for an insurer not to disclose policy limits to a third party claimant prior to suit when requested. The case does not say that much. However it did hold that under certain circumstances it can be bad faith for an insurer not to disclose. I agree with you. There is no advantage to withholding the disclosure of policy limits. It will just force the claimant to file suit where she can compel disclosure.
>
> I will write to Randy Rubenstein with the recommendation that we disclose limits. **If he declines, then there is no bad faith in our following the insured's request.** I will let you know.

57. One of CNA's interests (not shared by plaintiff) was to withhold defense benefits until after mediation of Estate of Kung's claim, particularly when such an expense might document claim value beyond what CNA wanted to pay to settle the claim. When co-defendant City of Seattle scheduled a set of focus groups to research verdict value, Dean and Leonard had private discussions outside the earshot or sight of Dean's assigned clients. This was deliberate on both their parts. Leonard ultimately determined she did not want to have CNA-procured focus group "verdicts" in her claim file before mediation with the *Estate,* and both Dean and Leonard conducted their communications on the subject privately with one another so Dean would not have to discuss with his clients the advisability of obtaining pre-mediation verdict research as the

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 11

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

1   City did. The following is an example of the private communications Dean and Leonard

2   concealed from Rubenstein:

3       Hi Lynn, [Dean's associate] Lisa [Hammel] solicited a cost proposal from a jury
4       research vendor that she has used before and liked on several occasions. Lisa's
        explanatory email with the vendor's proposal is below. We know it is too soon for
5       jury research/mock trial and that CNA has another approved vendor. But when
        the time is right and **if we decide to do jury research by way of a focus group**
6       **or mock trial, we can compare this proposal with CNA's approved vendor to**
7       **help make a decision. This vendor's cost is $21,500-$23,200. I will put this**
        **information on hold until we need it.**
8
9   When Dean privately advised Ms. Leonard that the City was going to conduct

10  focus group research into verdict ranges, Dean and Ms. Leonard once again engaged in

11  private communications with one another, and Dean told Ms. Leonard he had no strong

12  feelings that the research should be done before the mediation:

13      ...We [Dean and Leonard] are in agreement not to participate with the City in a
14      joint mock jury. I will let the city attorney know without going into the reasons. I
        do not feel strongly about whether to do a mock jury before mediation or wait to
15      see if it settled first.

16  Ms. Leonard did not want to conduct the research as part of CNA's investigation into the

17  value of the claim **prior** to mediation because (1) she didn't want to incur the expense, but more

18  importantly (2) she didn't want to run the risk that the research would come in significantly

19

20  higher than the reserves she had posted—a mere $2,897,200 (a fraction of what CNA ultimately

21  authorized in settlement authority).

22      On information and belief, plaintiff alleges that neither Mr. Dean nor Ms. Leonard

23  solicited Rubenstein's input on the issue because neither wanted to run the risk that Rubenstein's

24  would ask for research to be done.

25

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 12

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

**Hesselgesser Decl., Ex. A
Page 20 of 33**

RPC 1.2 requires that an attorney discuss the "means and methods" by which the attorney is attempting to accomplish the client's objective, which in this case was settlement within policy limits. Dean deliberately violated this requirement because of his allegiance to his employer and because his employer's interest was that the research not be conducted prior to mediation.

58.   During the first year of Dean's representation of Rubenstein's and Garza, CNA elected not to issue a "limits letter."

59.   During the entirety of that year, CNA elected to have Rubenstein's and Garza represented by CNA employee counsel. At no point during that first year did either Dean or Ms. Leonard advise Rubenstein's that CNA reserved the right later in Dean's representation to issue a "limits letter."

60.   Dean's professional obligation to Rubenstein's was to be its eyes, ears and voice. At times throughout his representation, he was the eyes, ears and voice of Lynn Leonard to the exclusion of Rubenstein's.

61.   At all times during his representation of Rubenstein's, Dean had access to CNA's investigation. At an early point, Dean described that file as "informative." And yet at no point did Dean share that information with Rubenstein's nor did he advise Rubenstein's he had access to it or that it discussed CNA's strategies for resolving the claim. Dean did this deliberately because there was only so much about his employer's strategy for resolution of the claim that he wanted his assigned clients to know. In particular, Dean had access to the reserves his employer had posted for the claim, but at no point did he communicate that information to plaintiff.

62.   On information and belief, plaintiff alleges CNA maintained requirements of its defense attorneys (including its employee attorneys) that it furnish regular reports concerning

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 13

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

their representation, investigation, and defense attorney activity. In the instant case, Dean prepared an "Initial Case Analysis Report" in January of 2015, and when he forwarded it to Randy Rubenstein, stated that "it will be revised as we learn more." Despite the fact CNA and Dean continued to "learn more" every one of the ensuing 14 months, for fourteen months Dean deliberately did not prepare an updated report, so as to avoid committing CNA in writing on Dean's evaluation of reasonable settlement value, and to better position CNA to execute its own objective—which conflicted with that of Rubenstein's—which was to attempt to settle the claim far below reasonable settlement value while simultaneously reserving its right no to pay any portion of an excess verdict which resulted from its aggressive settlement tactics. Throughout this fourteen month period, Dean and Leonard were the co-architects of CNA's strategy.

63.     On August 31, 2015, the *Kung* Estate served its suit upon plaintiff, who immediately forwarded it to CNA.

64.     On October 2, 2015, CNA for the first time purported to reserve its rights not to pay that portion of any settlement or judgment in excess of $11 million. Dean failed to limit his representation of Rubenstein's in any respect (at that point) nor did he disclose conflicts he had as an employee of CNA and simultaneously as joint counsel for Rubenstein's and Garza. In its October 2, 2015 correspondence, and despite the fact Dean had not previously limited the scope of his representation to protection of just that amount of disclosure within policy limits, CNA advised that should Rubenstein's desire to have counsel concerning excess exposure it was obligated to retain counsel on its own behalf at its own expense. This constituted a violation of CNA's duties under *Moratti v. Farmers,* and also constituted a promotion of its own interests

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 14

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

over those of Rubenstein's in paying for less than *full* representation of *all* of Rubenstein's exposure.

65.     As of October 2, 2015 plaintiff and CNA had conflicting interests with regard to the dollar amount at which the *Kung* Estate claim could/should be settled.

66.     As of October 2, 2015, it was in CNA's interests that it evaluate the reasonable settlement value so as to be consistent with the reserves it had previously set, and its target settlement range ($3.5 million) for the claim, whereas it was in Rubenstein's interests that (1) the settlement range be evaluated by a non-employee of CNA; (2) that the settlement value be evaluated with all the tools available to aid in the evaluation, including but not limited to pre-mediation jury verdict research, and (3) a settlement strategy that was driven by the insured's interests in obtaining a settlement within policy limits, not one which attempted to achieve the lowest possible settlement with the greatest amount of excess exposure.

67.     As of October 2, 2015 both Dean and Ms. Leonard were or should have been aware of the conflicting and diverse interests between CNA on the one hand and Rubenstein's on the other.

68.     Having recommended to Rubenstein's that it authorize the disclosure of policy limits to the *Kung* Estate, and having obtained Rubenstein's authority to do so (and having in fact done so), Dean knew then there was a substantial risk that the *Kung* Estate would make an offer to settle for policy limits, and that if it did so, he would have a conflict of interest between that of his employer and that owed to Rubenstein's. Nevertheless Dean would fail for approximately 6 months to advise Rubenstein's of this conflict.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 15

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

69.   On October 30, 2015, Dean wrote to Randy Rubenstein and informed him of a conflict of interest he had in the simultaneous representation of Roberto Garza and Rubenstein's Contract Carpet LLC. Dean wrote:

> Hello again Randy. It occurred to me *you should not rely on my advice as to whether your company should file a cross claim against Roberto if suit is filed. We are the attorneys for both your company and Roberto. It would be a conflict of interest for me to recommend that one client file a cross claim against the other. If you want to know whether to allege a cross claim against Roberto, you should rely on private counsel for advice.*

No supervisor of Dean was reviewing his client file to determine whether or not Dean himself felt he was able to provide conflict-free representation. At the time Dean/CNA wrote his October 30 mail, CNA (1) knew of Dean's conflict of interest in the simultaneous representation of Garza and Rubenstein's, (2) had acknowledged it, (3) did not require Dean to seek written consent from Rubenstein's regarding Dean's ongoing simultaneous representation, in violation of RPC 1.7(b), (4) could and did reasonably foresee that Dean's mail would cause Rubenstein's to incur damages in the form of legal fees from conflict free "private counsel", and (5) deliberately failed to appoint counsel to represent Rubenstein's who was not simultaneously representing Garza.

CNA compounded the situation by concealing from Rubenstein's information Dean developed which was unfavorable to Garza, and which would have favored a cross claim by Rubenstein against Garza (e.g. Leonard mail to Dean dated February 19, 2016).

70.   On March 16, 2016, the *Kung* Estate served Dean with an offer to settle all claims against Dean's assigned clients for $1 less than the policy limits. For the second time, Dean recommended to Rubenstein's that it retain independent counsel.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 16

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

**Hesselgesser Decl., Ex. A
Page 24 of 33**

71.     Upon Dean's receipt of the March 16, 2016 offer, Dean knew he had an actual conflict of interest between the interest of his employer CNA (who still had reserved the case at less than $3 million and desired to negotiate within those parameters) and the interest of Rubenstein's and Garza, who figuratively and literally had no interest in taking the risk posed by the aggressiveness of negotiation it would take to pursue a settlement within the range of the understated CNA reserves.

72.     From November of 2014 (after Dean failed to take any action within CNA to obtain Rubenstein's counsel independent from Garza and CNA) Rubenstein's hired independent counsel—the Ashbaugh Beal (AB) firm and Rick Beal (Beal). Had CNA retained independent counsel from the beginning (separately for Rubenstein and separately for Garza) Rubenstein would not have been damaged in the amount of fees it incurred for independent and conflict-free representation.

73.     Following receipt of Dean's March 16, 2016 correspondence, Rubenstein determined that because of the conflicts of interest, he wished to retain Beal and AB to participate in the pre-mediation and mediation activities to provide the conflict-free representation he was not receiving from CNA or Dean.

74.     On March 31, 2016, Dean Rubenstein and Beal met at Beal's office.

75.     During the meeting Rubenstein reminded Dean that Rubenstein had expressed concern over Dean's conflicts "from the very beginning."

76.     Dean replied that Rubenstein was correct—that Rubenstein had in fact expressed concern about Dean's conflict of interest "from the beginning."

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 17

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

Hesselgesser Decl., Ex. A
Page 25 of 33

77.    Beal asked Dean if Dean had limited his scope of representation as discussed in RPC 1.2, and Dean admitted he had not.

78.    Beal asked if Dean had requested written consent to Dean's representation as described in RPC 1.7(b) and Dean admitted he had not.

79.    Beal asked Dean if Dean agreed he had a conflict of interest moving forward in light of the Limits proposal, and Dean acknowledged that he did.

80.    Beal then expressed concern that if he (Beal) attended the mediation as independent counsel for Rubenstein's, that either the *Kung* estate, the City, or both, would take a more aggressive settlement position than if CNA appointed an outside "insurance defense" attorney to represent Rubenstein's and a different outside "insurance defense" attorney to represent Garza. Dean stated he agreed with Beal.

Beal and Dean then came up with slates of three insurance defense attorneys Beal and Dean were both able to recommend (Beal to Rubenstein's and Dean to his employer).

81.    The following day, CNA representative and attorney Stephanie Andersen contacted Beal's assistant, and requested a face to face meeting that morning. Ms. Andersen met with Beal at his office shortly before noon.

82.    Among other things, Ms. Andersen told Beal that she had been retained by CNA to investigate Rubenstein's claim of entitlement to a defense by counsel free of conflicts. She indicated she had participated in CNA's investigation into Rubenstein's claim that it was entitled to conflict-free counsel and that she had been asked by CNA to serve as its spokesperson with Rubenstein's and, in her words, "to work with Rubenstein's to resolve the conflict issues." She stated that CNA had chosen Forsberg and Umlauf to replace Ashbaugh Beal as independent

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 18

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

counsel for Rubenstein's, and Reed McClure/Jack Rankin to serve as independent counsel for Garza. She acknowledged, as Dean had done the day before, that she and CNA had both concluded Dean had conflicts, and that she and CNA agreed with Beal that the Estate and the City (whom Beal had previously represented as insurance coverage counsel) would be less likely to take advantage of the situation if insurance defense counsel rather than coverage counsel appeared on behalf of the insureds. Ultimately due to Reed McClure's unavailability on short notice, CNA appointed Lori O'Toole of the Preg O'Donnell firm to serve as independent counsel at the mediation and pre meeting for Garza.

83.    On or about April 6, 2016, with Beal's permission, Ms. Andersen met directly with Rubenstein, and informed him that in light of Dean's conflicts, she would recommend that CNA reimburse Rubenstein's for fees it incurred following March 22, when Rubenstein retained the AB Firm to serve as independent counsel for Rubenstein's, through the transition of that representation to the Forsberg and Umlauf Firm, and that she would recommend that CNA make payment. She added that she did "not control the purse strings."

84.    Following his retention as independent counsel for Rubenstein's, attorney Roy Umlauf provided his evaluation of reasonable settlement value. His evaluation of reasonable value was up to $7 million on behalf of Rubenstein's and Garza. This independent evaluation was double the separate written valuations of both Dean and Ms. Leonard, provided for the first time only after Beal demanded them on behalf of Dean's own supposed client, Rubenstein's.

85.    After full mediation with the *Kung* Estate, CNA settled the case against Rubenstein's and Garza for an amount within the evaluation of Roy Umlauf, but substantially above the evaluation of Mark Dean.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 19

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

86.   Following settlement, CNA representative/speaking agent Stephanie Andersen retracted her recommendation that CNA reimburse Rubenstein's for the independent counsel fees it incurred with the AB firm prior to CNA's appointment of a replacement firm, and wrote a letter characterizing Randy Rubenstein's request as a "demand" and rejecting the demand on behalf of CNA. On information and belief, plaintiff alleges CNA ultimately refused to reimburse Rubenstein's for its cost of conflict-free counsel because it knew it would cost plaintiff more to pursue that recovery than the recovery itself.

**FIRST CAUSE OF ACTION—Breach of Contract (Continental Insurance Company)**

87.   Plaintiff incorporates by reference each of the allegations in paragraphs 1-86 above.

88.   Defendant Continental Insurance Company had an implied contractual obligation to furnish a conflict free defense and one which complied in all respects with Washington's Rules of Professional Conduct. Defendant Continental Insurance Company also had an obligation under its Supplementary Payments clause to pay "reasonable expenses incurred at our request." Defendant Continental Insurance Company breached its defense obligation by appointing the same attorney to represent the conflicting interests of Garza and Rubenstein's simultaneously, and by continuing its purported defense through an employee lawyer who was simultaneously pursuing the separate and conflicting interests of his employer. Additionally, Continental Insurance Company breached its obligation under the Supplementary Payments clause when its employee Mark Dean requested that Rubenstein's seek advice regarding its potential claim from independent counsel and then refused to reimburse Rubenstein's for the expense incurred at CNA's request. Also, CNA breached the Supplementary Payments provision of its policy by requesting that Rubenstein's obtain personal counsel to advise it concerning the Policy Limits

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 20

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

Offer made by the *Kung* Estate. The conduct committed by CNA and its employees and agents proximately caused damage to plaintiff herein, in the amount of defense expenses it incurred through the AB firm to provide conflict-free counsel which CNA had wrongfully failed to provide. Plaintiff has been damaged in an amount not less than $20,000, to be more formally established by an amount to be proven at trial.

### SECOND CAUSE OF ACTION—Breach of the Washington Consumer Protection Act (Both Defendants)

89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1-88 herein.

90.    The conduct described in paragraphs 1-88 meets each of the requirements of Consumer Protection Act violations as defined under *Hangman Ridge v. Safeco* and other applicable law.

91.    The conduct described in paragraphs 1-88 also constitutes per se unfair and deceptive trade practices through per se violations of WAC 284-30-330(3),(4),(7) and (13).

92.    Plaintiff was foreseeably damaged by the amount if legal fees it incurred in retaining and paying conflict-free counsel prior to the time defendants finally supplied independent counsel separately for Rubenstein's and for Garza.

93.    Plaintiff is entitled to treble damages for each violation.

### THIRD CAUSE OF ACTION—Declaratory Judgment (Both Defendants)

94.    Plaintiff incorporates paragraphs 1-93 herein by reference.

95.    There is a clear and present dispute between plaintiff and defendants concerning the obligations of defendants under contract and statutory provisions, including the policies, RCW

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 21

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

48.01.030, RCW 19.86, RCW 48.30.015(1), and WAC 284-30-330 through 380, including but not limited to the following issues:

A.    Whether or not the policies require CNA to provide conflict-free counsel;

B.    Whether or not CNA, from the outset, breached its policy obligation to provide conflict-free counsel;

C.    Whether or not CNA was contractually obligated to provide legal representation which at all times complied with Washington's Rules of Professional Conduct;

D.    Whether or not CNA did in fact provide legal representation which complied with Washington's Rules of Professional Conduct;

E.    Whether or not CNA violated its obligations to plaintiff pursuant to the Supplementary Payments Provision of the policy;

F.    Whether or not CNA preferred its own financial interests over those of plaintiff by defending plaintiff with an employee lawyer for over a year before first reserving its rights to assert the limits provision of its policy as a partial defense to payment of any settlement or judgment.

G.    Whether or not CNA violated WAC 284-30-330(3) by assigning investigational duties to an employee attorney without simultaneously maintaining standards for the reasonable investigation into claims for primary and excess insurance benefits to assure a fair and impartial investigation which did not promote the insurer's interests over those of its insured;

H.    Whether or not CNA violated WAC 284-30-330(4) by denying plaintiff's claim for independent counsel without having conducted a reasonable investigation into its liability under its Supplemental Payments and other policy provisions for same;

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 22

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

I.      Whether CNA violated WAC 284-30-330(7) by offering substantially less (zero) than the amount ultimately to be recovered on plaintiff's claim for the cost of independent counsel.

J.      Whether CNA violated WAC 284-30-330(13) by failing to provide a reasonable explanation for its denial of plaintiff's claim for defense benefits under the policy.

K.      Whether or not, under Washington law, the CNA "Limits" letter did or did not constitute a "reservation of rights" as that term is used in *Tank v. State Farm,* 105 Wn.2d 381, 389 (1986).

L.      Whether the "enhanced obligations" set forth in *Tank v. State Farm* are/were applicable to Dean's representation of Rubenstein's;

M.      Whether or not Dean's Law Office, owned and operated by CNA was legally or factually in a position to "understand that only the insured is the client."

N.      Whether or not Dean treated his employer as one of his clients during his representation of Rubenstein's.

O.      Whether or not, under the circumstances of the underlying case, CNA unreasonably denied defense policy benefits to Pease, as that term is used in RCW 48.30.015(1);

P.      Whether or not Dean and/or CNA violated RCW 48.30.015.

96.     Plaintiff is entitled to Declaratory Relief pursuant to RCW 7.24 et. seq. on each of the matters described above.

**RESERVATION FOR FOURTH CAUSE OF ACTION UNDER WASHINGTON'S INSURANCE FAIR CONDUCT ACT (Continental Insurance Company)**

97.     Contemporaneously with the commencement of this suit, plaintiff is serving notice pursuant to RCW 48.30.015 (8) of its claim under Washington's Insurance Fair Conduct Act.

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 23

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM

Plaintiff reserves the right, following expiration of that statutory notice, to amend its complaint to assert a claim under IFCA.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For money damages in an amount to be proven at trial, but no greater than $75,000 exclusive of interest and attorneys' fees;

2.    For declaratory relief as pled for herein;

3.    For treble damages allowable by statute;

4.    For prejudgment interest allowable by law;

5.    For reasonable attorneys' fees and other costs of this litigation pursuant to *Olympic Steamship v. Centennial, Nordstrom v. Tampourlos; McGreevy v. Oregon Mutual;* recognized grounds of equity, and/or other applicable law.

6.    For such other and further relief as the court may deem just and equitable.

DATED: June 10, 2016.

HELSELL FETTERMAN LLP


By   s/ Stephanie L. Grassia
     Stephanie L. Grassia, WSBA No. 34907
     *Attorney For Plaintiff*
     1001 Fourth Ave., Ste. 4200
     Seattle, WA 98154-1154
     T: (206) 292-1144 / F: (206) 340-0902
     E: sgrassia@helsell.com

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 24

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144   WWW.HELSELL.COM

Hesselgesser Decl., Ex. A
Page 32 of 33

## VERIFICATION

I, RANDALL RUBENSTEIN, of full age, certify: I am a Member of Rubenstein's Contract Carpet, LLC, plaintiff in this matter. I have read the Complaint for Declaratory Relief and Monetary Damages ("Complaint") and certify that the allegations contained in the Complaint are true and correct to the best of my knowledge and belief. I certify that the foregoing statements made by me are true.

Dated: June 10, 2016

Randall Rubenstein, Member
Rubenstein's Contract Carpet, LLC

COMPLAINT FOR DECLARATORY RELIEF
AND MONETARY DAMAGES - 25

HELSELL
FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144  WWW.HELSELL.COM